| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL I | | |
| AGUSTÍN RIVERA SOTO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Agencia Recurrida | TA2025RA00203 | *Certiorari* procedente del Departamento de Corrección y Rehabilitación |

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de agosto de 2025.

El recurso de referencia, presentado por derecho propio por un integrante de la población correccional, incumple de forma sustancial con los requisitos de nuestro Reglamento, cuyo cumplimiento era necesario para su consideración. Véanse, por ejemplo, Reglas 57-59 del Reglamento del Tribunal de Apelaciones, *In re Aprobación Enmdas. Regl. TA*, Resolución ER-2025-01, aprobada el 24 de abril de 2025, 2025 TSPR _____. Por tal razón, se desestima el mismo.

Por medio del recurso que nos ocupa, el cual carece de fecha de preparación, pero cuyo depósito en el correo fue el 25 de agosto de 2025, el Sr. Agustín Rivera Soto (el "Recurrente") asevera que fue objeto de una "sanción disciplinaria" por haber arrojado positivo a marihuana cuando se le administró una "prueba toxicológica rápida". Plantea que no se ha establecido la "confiabilidad científica" de la prueba, que no se le orientó debidamente sobre su derecho de apelar y que hubo una "falta de cadena de custodia documentada".

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

La Ley Núm. 201-2003, 4 LPRA sec. 24, *et seq.* ("Ley 201"), establece que el Tribunal de Apelaciones será un tribunal intermedio y estará a cargo de revisar, "como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia, así como las decisiones finales de los organismos y agencias administrativas y de forma discrecional cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia". Art. 4.002 de la Ley 201, 4 LPRA sec. 24(u).

En cuanto a la competencia del Tribunal de Apelaciones, el Art. 4.006 de la Ley 201 (4 LPRA sec. 24y) dispone lo siguiente:

> El Tribunal de Apelaciones conocerá de los siguientes asuntos:
>
> (a) Mediante recurso de apelación de toda sentencia final dictada por el Tribunal de Primera Instancia.
>
> (b) Mediante auto de *certiorari* expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia.
>
> (c) Mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. En estos casos, la mera presentación del recurso no paralizará el trámite en el organismo o agencia administrativa ni será obligatoria la comparecencia del Estado Libre Asociado ante el foro apelativo a menos que así lo determine el tribunal. El procedimiento a seguir será de acuerdo con lo establecido por la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico".

(d) Cualquier panel del Tribunal de Apelaciones podrá expedir autos de *hábeas corpus* y de *mandamus*. Asimismo, cada uno de los jueces de dicho Tribunal podrá conocer en primera instancia de los recursos de *hábeas corpus* y *mandamus*, pero su resolución en tales casos estará sujeta a revisión por el Tribunal de Apelaciones, en cuyo caso, siempre que ello fuera solicitado por parte interesada dentro de los diez (10) días después que le fuera notificada, el Juez Presidente del Tribunal Supremo nombrará un panel especial no menor de tres (3) jueces ni mayor de cinco (5) jueces que revisará la resolución del Juez en cualesquiera de tales casos y dictará la sentencia que a su juicio proceda.

(e) Cualquier otro asunto determinado por ley especial.

Nuestra jurisdicción para atender un recurso de revisión judicial se limita, como norma general, a la revisión de una "orden o resolución final de una agencia", luego de que se hayan "agotado todos los remedios provistos por la agencia". 3 LPRA sec. 9672. Asimismo, la Ley de la Judicatura (Ley 201), dispone en su Artículo 4.006 (c) que este Tribunal revisará mediante el recurso de revisión judicial las decisiones, órdenes y resoluciones <u>finales</u> de organismos o agencias administrativas. 4 LPRA sec. 24y. Esta orden o resolución final debe "incluir y exponer separadamente determinaciones de hecho ... [y] conclusiones de derecho ...". 3 LPRA sec. 9654; *Comisionado Seguros v. Universal*, 167 DPR 21 (2006); véase, además, *Bennett v. Spear*, 520 US 154 (1997).

Así pues, la disposición final de la decisión de la agencia es requisito básico y jurisdiccional para que este foro pueda ejercer su función revisora. Para que una orden o resolución se considere final, la misma debe ser emitida por la última autoridad decisoria de la agencia administrativa y debe poner fin a la controversia ante el organismo, sin dejar asunto pendiente alguno. *Bird Const. Corp. v. A.E.E.,* 152 DPR 928, 935-936 (2000); *J. Exam. Tec. Méd. v. Elías, et al.,* 144 DPR 483 (1997).

La Regla 57 de nuestro Reglamento, *supra*, establece que el término para presentar el recurso de revisión es de "**treinta (30)**

**días** contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia" (énfasis suplido). Dicho término es de carácter **jurisdiccional**, por lo cual no puede ser prorrogado por justa causa. *Martínez Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000).

Este término comienza a transcurrir "a partir del archivo en autos de la copia de la notificación" de la decisión administrativa o "a partir de la fecha aplicable de las dispuestas [en la sección 3.15]" de la Ley 38-2017, cuando el término "haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración". 3 LPRA sec. 9672. En efecto, cuando la parte solicita reconsideración "dentro del término de [20] días desde la fecha de archivo en autos de la notificación" de la decisión administrativa, el término para acudir en revisión ante este Tribunal, en lo aquí pertinente, comienza en la fecha más temprana de las siguientes: (i) cuando se notifique la denegatoria de la reconsideración o (ii) al expirar el término de 15 días, luego de presentada la reconsideración, si la agencia "no actuare" dentro de dicho término. 3 LPRA sec. 9655 (énfasis suplido).

Por su parte, quien acude ante este Tribunal tiene la **obligación de colocarnos en posición de poder determinar si tenemos jurisdicción** para entender en el asunto y para revisar la determinación de la cual se recurre. *Morán v. Martí*, 165 DPR 356, 366-367 (2005); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

El "hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar*, 159 DPR 714, 722 (2003). Por lo tanto, el Recurrente venía obligado al fiel cumplimiento del trámite prescrito en las leyes y reglamentos aplicables al recurso instado ante nosotros. *Soto Pino v. Uno Radio Group, supra.* El hecho de que

el Recurrente esté confinado no le concede un privilegio sobre otros litigantes en cuanto al trámite del recurso.

El escrito presentado ante nosotros por el Recurrente incumple de forma sustancial con los requisitos reglamentarios aplicables. En primer lugar, el Recurrente incumplió con su obligación de acreditar que este Tribunal tenga jurisdicción para entender sobre el recurso. No acredita que Corrección haya emitido una decisión, mucho menos una revisable por nosotros, sobre el asunto que plantea, ni que se haya presentado el recurso de forma oportuna, de existir tal decisión.

En segundo lugar, el Recurrente incumplió con el requisito de someter un apéndice con copia de los documentos necesarios para colocarnos en posición de poder revisar la decisión cuestionada. Era necesario que el Recurrente acompañara todo escrito, resolución u orden que formara parte del expediente administrativo y que fuera pertinente a la controversia planteada en su recurso, incluidos los que nos permitieran determinar si tenemos jurisdicción para entender sobre su solicitud. El Recurrente no acompañó anejo alguno con su recurso.

Finalmente, el recurso presentado no expone adecuadamente los hechos o el derecho que podrían apoyar la solicitud del Recurrente. Así pues, se incumplió también con el requisito de incluir una relación fiel y concisa de los hechos procesales y materiales del caso y una referencia adecuada al derecho que podría sustentar el planteamiento del Recurrente.

Por las razones que anteceden, se desestima el recurso de referencia por craso incumplimiento con nuestro Reglamento. Véase, la Regla 83 de nuestro Reglamento, *In re Aprobación Enmdas. Regl. TA*, Resolución ER-2025-01, aprobada el 24 de abril de 2025, 2025 TSPR _____.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones